UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUIS MELENDEZ, ]<br> ]<br>Petitioner )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, ]<br> ]<br>Respondent ) | CAUSE NO. 3:05-CV-699 RM<br>Arising from 3:04-CR-106(01)RM |

OPINION AND ORDER

Luis Melendez petitions the court under § 2255 to vacate, set aside, or correct his sentence. Mr. Melendez asserts his sentence violates the Fifth Amendment's Double Jeopardy Clause and that he was unconstitutionally sentenced in light of the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296 (2004). For the following reasons, the court dismisses his petition.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

An examination of Mr. Melendez's plea agreement reveals that he waived his right to appeal his sentence and to contest his sentence in a § 2255 proceeding.

Mr. Melendez's plea agreement, signed by Mr. Melendez, his attorney and the government's attorney, contains the following language in paragraph 9(d):

> (d). . . I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in . . . this plea agreement. With that understanding, I expressly waive my right to appeal ... my sentence ... on any ground ... I also agree not to contest ... my sentence ... or the manner in which ... the sentence ... was determined or imposed on any ground ... in any post-conviction proceeding, including, but not limited to a proceeding under Title 28, United States Code, Section 2255.

"Plea agreements are contracts, and their content and meaning are determined according to ordinary contract principles." United States v. Ingram, 979 F.2d 1179, 1184 (7th Cir. 1992). The government is bound by the terms of a plea agreement, and must fulfill any promise it makes in exchange for a defendant's plea of guilty. See Santobello v. New York, 404 U.S. 257 (1971); United States v. Schilling, 142 F.3d 388 (7th Cir. 1998); United States v. Ingram, 979 F.2d at 1184. Prosecutors have no discretion to induce guilty pleas through promises that are not kept, Santobello v. New York, 404 U.S. at 262; United States v. Schilling, 142 F.3d at 395, and defendants are similarly bound.

The waiver in a plea agreement of a right to appeal is enforceable, *see* United States v. Woolley, 123 F.3d 627, 631-32 (7th Cir. 1997); United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997), and a waiver of relief under 28 U.S.C. § 2255 is enforceable within limits. *See* Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to

those discrete claims which relate directly to the negotiation of the waiver"); <u>Pratt v. United States</u>, 22 F. Supp. 2d 868, 870 (C.D. Ill. 1998) (holding that an informed and voluntary waiver is generally effective to bar a subsequent § 2255 motion except where "ineffective assistance of counsel negated the knowing or voluntary nature of the waiver itself, the waiver was a product of coercion, or the trial court relied on some constitutionally impermissible factor, e.g., race, in imposing sentence. Under narrow circumstances such as these, the dictates of justice would require that the defendant be allowed to avoid his waiver and pursue collateral relief as if the waiver did not exist.").

Mr. Melendez makes no claim that his waiver of his right to file this petition was anything but informed and voluntary, nor does he allege that the waiver was the product of coercion. Mr. Melendez waived his right to attack the sentence on any grounds, including the ones he seeks to assert in this petition. Therefore, his § 2255 petition is DISMISSED. [Doc. No. 1].

SO ORDERED.

ENTERED: <u>October 31, 2005</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
United States District Court

3